SUMMARY ORDER

Petitioner Fong Gui Wu, a native and citizen of the People’s Republic of China, seeks review of the March 6, 2008 order of the BIA affirming the April 18, 2006 decision of Immigration Judge (“IJ”) Vivienne Gordon-Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Fong Gui Wu, No. A96 401 387 (B.I.A. Mar. 6, 2008), aff'g No. A96 401 387 (Immig. Ct. N.Y. City Apr. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
“When the BIA agrees with the IJ’s conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ’s decision[], we review both the BIA’s and the IJ’s opinions.” Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii).
We find that the IJ’s adverse credibility finding is supported by substantial evidence. The IJ reasonably relied on inconsistencies among Wu’s airport interview, credible fear interview, asylum application, and testimony before the IJ. During his *719 airport and credible fear interviews, Wu claimed that he wished to apply for relief because the village chief was operating a pig farm next to his family’s farm, which caused problems between the government and his family. In his asylum application and during his testimony before the IJ, however, Wu claimed that he applied for relief because he was a Falun Gong practitioner. The IJ explicitly considered and rejected Wu’s explanation for this discrepancy, and we are not compelled to conclude that Wu’s explanation was credible. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (holding that the agency need not credit an applicant’s explanation for inconsistent testimony unless the explanation would compel a reasonable fact-finder to do so).
In addition to Wu’s inconsistent statements, the IJ also reasonably relied on Wu’s lack of corroborative evidence. The IJ noted that Wu had not corroborated his alleged continued adherence to Falun Gong in the United States with witness testimony. Additionally, the IJ found it suspect that Wu did not attempt to distribute any Falun Gong fliers in the United States when he claimed that he did so two or three times a week in China. Because Wu’s testimony was not otherwise credible, it was not improper for the IJ to rely on the absence of corroborative evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006) (holding that the lack of corroborative evidence may support an adverse credibility finding where there are other reasons to disbelieve the petitioner’s testimony).
Because the evidence of a threat to Wu’s life or freedom depended upon his credibility, the IJ’s adverse credibility determination necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.